The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JULIAN ZAMORA GARCIA, <br><br> Defendant. | NO. 2:18-cr-00174-RAJ <br><br> ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Julian Zamora Garcia's *pro se* motion for compassionate release and for a reduction in his sentence. Dkt. 422. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Mr. Zamora Garcia is a 36-year-old inmate who has been detained at Reeves I and II Correctional Institution, with a projected release date of July 3, 2024.[1]. On December 18, 2018, he pled guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and one count of Possession of a Firearm in Furtherance of a Drug

---

[1] After Mr. Zamora Garcia filed his motion for compassionate release or a reduction in his sentence, he was transferred from Reeves I and II Correctional Institution located in Pecos, Texas, to Federal Correctional Institution Sheridan located in Sheridan, Oregon. *See* https://www.bop.gov/inmateloc/

ORDER - 1

Trafficking Offense, in violation of Title 18, United States Code, Section 924(c). Dkt. 223. On March 29, 2019, this Court sentenced Mr. Zamora Garcia to 84 months of imprisonment, to be followed by three years of supervised release. Dkt. 323.

Mr. Zamora Garcia has now filed a motion requesting the Court reduce his sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A); Amendment 782 to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2); and based on the decision of the United States Supreme Court in *Rehaif v. United States*, _ U.S. _, 139 S. Ct. 2191 (2019). Dkt. 422.

## II. DISCUSSION

### A. Legal Standards

#### 1. Legal Standard for Compassionate Release

In part, Mr. Zamora Garcia's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C.

§ 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy,* 981 F3rd

271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

### 2. Legal Standard for Reduction in Sentence Pursuant to Amendment 782 to the United States Sentencing Guidelines

Mr. Zamora Garcia's motion also seeks a reduction in sentence based on Amendment 782 to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this court has authority to reduce Mr. Zamora Garcia's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce a defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

///
///
///

ORDER - 4

### 3. Legal Standard for Reduction in Sentence Based on *Rehaif v. United States*

Finally, Mr. Zamora requests a reduction in sentence based on *Rehaif v. United States*, _ U.S. _, 139 S. Ct. 2191 (2019). *Rehaif* addresses the intent standard that must be proven to convict a defendant of a charge of illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Zamora Garcia's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). On January 7, 2021, Mr. Zamora Garcia made a request for compassionate release to his facility administrator. Dkt. 422, Ex. 1. On January 8, 2021, the facility administrator for Reeves I and II denied the request, indicating that Mr. Zamora Garcia's active immigration detainer rendered him ineligible for compassionate release or a reduction in sentence. Dkt. 422, Ex. 1.

Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Zamora Garcia's motion is now properly before the Court.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Zamora Garcia's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Zamora Garcia bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

While not the main thrust of his motion, Mr. Zamora Garcia states that due to the conditions of his confinement, he has been placed at risk of contracting coronavirus-19 (COVID-19). Dkt. 422.

The government opposes Mr. Zamora Garcia's motion, arguing that he has no medical conditions that are recognized by the Centers of Disease Control and Prevention (CDC) as placing him at higher risk of severe illness should he contract COVID-19, and that his generalized fear of the disease is speculative and does not constitute extraordinary and compelling reasons to reduce his sentence and immediately release him from custody. The government points to Mr. Zamora Garcia's medical records as evidence he does not suffer from any medical conditions that render him particularly vulnerable to COVID-19, nor to any risk factors that the CDC has recognized place him at greater risk of complications of the disease. Dkt. 434.

The Court agrees with the government's assessment of Mr. Zamora Garcia's motion for relief. There is no documented evidence in his medical records that he has ever contracted COVID-19. Further, the evidence shows that Mr. Zamora Garcia does not suffer from any of the medical conditions that the CDC has identified as creating a higher risk of severe illness should he contract the virus. Mr. Zamora Garcia's medical records from Reeves I and II indicate that he has had several medical examinations and regular treatment during his time of incarceration. Dkt. 436, Ex. A at 77-95, 98-103, 109-140. The medical records evidence that he has had a "nonspecific reaction to skin test w/o active tuberculosis," which might indicate he had an inactive case of tuberculosis or latent tuberculosis, which appears to have been treated with medication. *Id*. at 3, 71-72. Mr. Zamora Garcia also sought treatment for sciatic pain and was provided an x-ray and other treatment. *Id*. at 74-103, 119-122.

This leaves the Court with nothing more in the record than Mr. Zamora Garcia's general fear of contracting COVID-19. General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in his sentence. Nor do such fears warrant a sentence reduction under the Court's independent assessment of the facts and circumstances presented.

Also relevant to the Court's analysis here, since Mr. Zamora Garcia filed his motion for compassionate release, he has been transferred to Federal Correctional

Institution Sheridan located in Sheridan, Oregon, thus mooting his concerns regarding the conditions at Reeves I and II.

Mr. Zamora Garcia next asserts that he is eligible for reduction in his sentence based on Amendment 782 to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 422.

Amendment 782 was effective as of November 1, 2014. When Mr. Zamora Garcia was sentenced on March 29, 2019, his sentencing guidelines range was calculated using the base offense level resulting from Amendment 782 for the drug quantity for which he accepted responsibility. In other words, the reduction pursuant to Amendment 782 was already factored into the Court's determination of Mr. Zamora Garcia's sentencing range at the time of sentencing in this matter. Additionally, the 84-month sentence imposed on Mr. Zamora Garcia by this Court fell well below the guidelines range of 135 to 168 months as set forth in the amended guideline. As such, he is not eligible for a reduction in sentence under 18 U.S.C. 3582(c)(2).

Last, Mr. Zamora Garcia makes a claim that he is entitled to a reduction in sentence based on *Rehaif v. United States*, _ U.S. _, 139 S. Ct. 2191 (2019), which addresses the intent standard that must be proven to convict a defendant of a charge of illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 422.

The government's assessment is correct that *Rehaif* does not apply here, as Mr. Zamora Garcia was not convicted of illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Rather, he was convicted of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).

**D. Safety of Others**

The Court next turns to whether Mr. Zamora Garcia presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In exercising its discretion, the Court considers the nature and circumstances of the underlying offense, the weight of evidence against the defendant, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community.

Mr. Zamora Garcia does not address these factors in his motion. Most relevant to the Court in assessing dangerousness are the facts that served as the basis for the indictment and the counts to which Mr. Zamora Garcia pled guilty, specifically that he was a mid- to high-level member of a conspiracy and was personally involved in supplying and distributing kilogram quantities of narcotics. When law enforcement agents executed a search warrant at his home, they found nearly 9 kilograms of methamphetamine, 6 kilograms of heroin, 90 grams of cocaine, and $70,070 in cash. In his bedroom, agents located a .45 caliber handgun and body armor. Of particular concern is the fact that Mr. Zamora Garcia used a firearm in furtherance of his drug trafficking crimes, which raises grave concerns for this Court regarding the safety of others.

Mr. Zamora Garcia has offered nothing to alleviate the Court's concerns about the danger he will continue to present because of the degree of his criminal involvement in the drug conspiracy and his use of a firearm. Consequently, the Court finds that he remains a danger to the community and that this finding of dangerousness precludes his early release.

**E. Other 18 U.S.C. § 3553(a) Factors**

In determining whether to grant Mr. Zamora Garcia's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). *See also United States v. Grimes*, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors).

Mr. Zamora does not specifically address the § 3553(a) factors in his motion.

The government argues that a reweighing of the § 3553(a) factors does not support Mr. Zamora Garcia's release and would create a disparity in sentencing, especially as it relates to Mr. Zamora Garcia's eight codefendants who were sentenced by this Court. Dkt. 434.

The Court agrees with the government that the Court's sentencing determinations as to each defendant involved in this conspiracy were based upon their individual conduct and each member's relative culpability. If the Court were to release Mr. Zamora Garcia now, such action would create significant sentencing disparities with his codefendants, particularly since there has been no showing made that extraordinary and compelling reasons exist to do so.

### III. CONCLUSION

For the foregoing reasons, Defendant Julian Zamora Garcia's motion for compassionate release is **DENIED**.

DATED this 7th day of June, 2021.

The Honorable Richard A. Jones
United States District Judge